IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE M. REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-824-SLR |
| MICHAEL J. ASTRUE, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of May, 2011, having reviewed defendant's motion to disqualify plaintiff's "of counsel" attorney and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 15) is denied, for the reasons that follow:

1. **Background.** Defendant has filed a motion to disqualify David F. Chermol, Esquire, from representing plaintiff pro hac vice in the above captioned case. There is no dispute that Mr. Chermol was an attorney employed by the Social Security Administration in the Office of General Counsel for approximately ten years. Among the hundreds of cases he litigated on behalf of defendant as a Special Assistant United States Attorney for the District of Delaware was *Reed v. Barnhart*, Civ. No. 04-1475-KAJ (D. Del.) ("*Reed I*"). (D.I. 21) In that case, plaintiff Stephanie Reed applied for, but was denied, disability benefits due to reflex sympathetic dystrophy ("RSD"). In his capacity as counsel for defendant, Mr. Chermol argued that defendant's decision to deny plaintiff benefits was supported by substantial evidence.

2. As counsel representing plaintiff in the above captioned case ("*Reed II*"), Mr. Chermol is arguing that defendant's disability determination is not supported by substantial evidence. In so doing, Mr. Chermol identifies in his papers medical evidence that was reviewed by the court in *Reed I*, particularly that related to Drs. Hogan, Kahlon, Grossinger, Rodgers, and Yezdani. (*Compare Reed I*, D.I. 21 and *Reed II*, D.I. 13) Consequently, although *Reed I* and *Reed II* are considered independent causes of action, there is no dispute that the administrative records generated in the two cases overlap.

3. **Standard of review.** Defendant asserts that Mr. Chermol's representation of plaintiff violates Rule 1.11(a)(2) of the Model Rules of Professional Conduct of the American Bar Association ("Model Rules"), which provides in relevant part that "a lawyer who has formerly served as a public officer or employee of the government . . . shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee." Model Rule 1.11(e) defines "matter" to include "any judicial or other proceeding" or "any other matter covered by the conflict of interest rules of the appropriate government agency."

4. The court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). While motions to disqualify are never automatic, a lawyer may be disqualified for failing to avoid "even the appearance of impropriety" due to the significant goal of upholding public confidence in the integrity of the bar. *See Apeldyn Corp. v. Samsung Electronics Co., Ltd.*, 660 F. Supp.2d 557,

561 (D. Del. 2009).

5. **Analysis.** I agree with defendant that *Reed I* and *Reed II* involve the same parties and that the records are overlapping. Because disqualification is not an automatic remedy, however, it is important to review the concerns underlying defendant's motion, to determine if those concerns justify the relief sought. In this regard, defendant has identified the primary purpose underlying Rule 1.11(a) as limiting "the use of government authority to benefit any private person" or, put another way, "to avoid the manifest possibility that a former government employee's action as a public legal official might be influenced by the hope of being employed privately to uphold or upset what had been done." (D.I. 31 at 7-8)

6. Defendant concedes that the above purpose really has no application to the facts of this case because Mr. Chermol did not serve his future client's interest in *Reed I*, and that there would be no disadvantage to the government in allowing Mr. Chermol to represent the claimant at bar.[1] (D.I. 31 at 9-10) Nonetheless, defendant maintains that "the focus" of the court's analysis should be on "the appearance" of impropriety, based on nothing more than the similarity of the two matters (*Reed I* and *Reed II*).

7. Given that social security claimants are permitted to come back to the well multiple times, and given the fact that the administrative records related to each attempt can (and usually do) include substantially all medical records ever presented to defendant, defendant's position essentially precludes attorneys of long standing like Mr. Chermol from representing repeat filers. Is there good cause for doing so?

---

[1] Significantly, there are no issues regarding client confidentiality in the pending dispute.

3

8. I can find none. I am mindful of the policies underlying Rule 1.11(a) and I certainly have an interest in ensuring the integrity of the process by enforcing such rules when appropriate. The problem with defendant's position here is that, to the best of my understanding, an attorney representing defendant would never have the opportunity to publicly benefit a claimant in order to curry favor in hopes of future employment. If defendant grants a claim for disability benefits, there is no appeal and the attorney has no apparent role to play in the process. If defendant denies a claim, it is the attorney's role to support defendant's position.[2]

9. **Conclusion.** I find that *Reed I* and *Reed II* are independent causes of action and that Mr. Chermol, as a staff attorney for defendant, was neither privy to confidential information nor responsible for granting relief to claimants such as plaintiff at bar. Therefore, I conclude that defendant's motion for disqualification is not supported by the facts of this case.

IT IS FURTHER ORDERED that, on or before **July 27, 2011,** defendant shall file his motion for summary judgment and supporting brief (which shall also serve as his

---

[2] I suppose that a staff attorney could decline to find that the defendant's decision denying disability benefits is supported by substantial evidence. Whether the attorney's evaluation would automatically translate into relief for the claimant and, if so, how that relief is communicated to the claimant, has not been addressed in this record and certainly did not happen in *Reed I*.

answering brief to plaintiff's motion). Plaintiff may file her reply brief on or before

**August 10, 2011.** Defendant may file his reply brief on or before **August 24, 2011.**

                                                               _____
                                                               United States District Judge